NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-1690
_____

MFS INC,
          Appellant

v.

THOMAS A. DILAZARO; SEAN L. ROBBINS;
MARK WEJKSZNER; MICHAEL BEDRIN

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 5-08-cv-02508)
District Judge: Honorable Joel H. Slomsky

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 12, 2012

Before:  McKEE, *Chief Judge*, FUENTES and JORDAN, *Circuit Judges*

(Opinion Filed: April 26, 2012)

_____

OPINION OF THE COURT
_____

McKEE, *Chief Judge*.

     Mineral Fiber Services, Inc. ("MFS") brought this civil rights action pursuant to

42 U.S.C. § 1983, alleging that three employees of the Pennsylvania Department of

Environmental Protection ("PaDEP") and the government attorney assigned to the

PaDEP (collectively "PaDEP officials"), violated its rights under the First and Fourteenth Amendments of the United States Constitution. Specifically, MFS claimed a violation of its right to petition the government for redress of grievances without retaliation as well as violations of its rights to substantive and procedural due process and to equal treatment under the law. In addition, MFS brought a state law claim of tortious interference with prospective contractual relations. After MFS won a jury verdict, the PaDEP officials moved pursuant to Fed. R. Civ. P. 50(b) and 59 for judgment as a matter of law or, alternatively a new trial. The District Court granted the post-trial motion for judgment as a matter of law and this appeal followed. We will affirm.

## I.

Because we write primarily for the benefit of the parties, we assume familiarity with the facts.

## II.

We exercise plenary review of the District Court's grant of judgment as a matter of law. *Pitts v. Delaware*, 646 F.3d 151, 155 (3d Cir. 2011). We review the record evidence in the light most favorable to MFS, as the verdict winner, and draw all reasonable inferences in its favor. *Id.* A court should grant judgment as a matter of law "sparingly." *Id.* (citation omitted). Thus, "only if the record is 'critically deficient of the minimum quantum of evidence' upon which a jury could reasonably base its verdict will we affirm a court's grant of judgment as a matter of law. *Id.* (citation omitted). After carefully reviewing the record and the submissions of the parties here, we find no basis for disturbing the District Court's ruling. The District Court explained that ruling in a

2

comprehensive opinion that was as well-reasoned as it was thorough.  Since we can add little to the District Court's discussion, we will affirm the ruling of the District Court substantially for the reasons set forth in the District Court's opinion.

Moreover, since, as the District Court explained, there is no constitutional violation, we need not address any issues of qualified immunity.